The opinion of the Court was delivered by
Daniel, J.
This was an Indictment for a nuisance, which is alleged by the said Indictment to consist in this: That the defendant, on the 10th day of February, 1831, “erected a nuisance, to wit, a mill-dam and pond, which is now, and ever has been since its erection, highly prejudicial to the health of the people residing in its neighbourhood; and the same nuisance, to wit, the mill-dam and pond so erected and built as aforesaid, at the time aforesaid, and on the creek known and called by the name of Tarewallet, in the county of Cumberland, doth yet continue, and is suffered to remain to the common nuisance of divers of the Commonwealth’s citizens, to the evil example of all others, &e.”
The defendant demurred to the Indictment, and issue was taken thereon. The defendant also pleaded, that the said mill-dam and pond were erected, and built by him by leave of the County Court of Cumberland, first had and obtained according to the provisions of the act. of Assembly in such case made and provided. To this plea, the Attorney for the Commonwealth demurred, and issue was joined on the demurrer. Thereafter, the Judge of the Court adjourned to this Court the following questions: *692 1. Is the Indictment in this case sufficient in law to put defendant to answer the same, and what judgment should be rendered on the first demurrer ? 2. What judgment is to be rendered on the demurrer to the defendant’s p]ea p
With respect to the last question, the Court are unanimously of opinion, that the demurrer to the defendant’s plea should be sustained, the act of Assembly respecting mills, &c. having provided, that “no inquest, or opinion or judgment of the Court thereupon, shall bar any public prosecution or private action, which could have been had or maintained, if the said act had never been made, other than prosecutions and actions for such injuries as were actually foreseen, and estimated upon such inquest.” 2 Rev. Code of 1819, p. 228, § 9.
As to the first question, “ what judgment should be rendered on the demurrer to the Indictment?” there is more difficulty. Some of the Court are of opinion that the act complained of in the Indictment as a public nuisance, might be regarded as such if it was alleged to be “ to the common nuisance of all the citizens of the Commonwealth residing in the neighbourhood,” which is not distinctly averred by the charge of its being to the common nuisance of divers of the Commonwealth’s citizens. They are of opinion that the authorities (a) support the position that “ divers” is not sufficient, but'that “all” is necessary; and yet, there is hardly any nuisance which can affect every citizen of the Commonwealth, and that, therefore, according to the very nature of things, a nuisance may be regarded as a public one, if it affects all who reside in the neighbourhood. Others of the Court are of opinion that the Indictment is sufficient, since it is averred that the erection of the nuisance is highly prejudicial to the health of the people residing in its neighbourhood, and this may be well intended to mean all the *693 people of the neighbourhood; and that the divera citizens, mentioned in the conclusion, are “all the citizens of the neighbourhood ” Others are of opinion, that a common nuisance should be such as of itself necessarily to affect the public generally, or by its connection with what does so affect the public, (as in the case of its erection near a jonblie highway,) to justify the conclusion that it might be injurious to all the citizens of the Commonwealth residing near, or passing thereby, and that such is not the offence laid in this Indictment.
A majority of the Court concur in the opinion that the ■offence complained of, is not sufficiently stated to be “to the common nuisance of all the citizens of the Commonwealth residing in the neighbourhood,” nor to the “common nuisance of all the citizens of the Commonwealth residing in the neighbourhood thereof, and passing thereby,” and that the defendant’s demurrer to the Indictment ought to he sustained. In this opinion, however, Judges Johnson, Dade, and Field do not. concur.

 Hawk. Pl. Cr. ch. 75, § S; 5 Bac. Ab. p. 151; See also 1 Burr. 333, and 1 Str. 686.